## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Gordon E. Brightly, Jr.

February 8, 1989

Case No. (Criminal) 58447

By JUDGE J. HOWE BROWN

This case is before me upon the Defendant's Motion to Suppress. For the reasons stated in this letter, the motion is denied.

On August 19, 1988, Officer Wahl of the Fairfax County Police, in uniform and in his cruiser, saw the Defendant, Gordon Brightly, driving out of a driveway of a house. Wahl had been observing the house because he suspected narcotics dealing going on in the house. Wahl followed Brightly, and observed that the vehicle had no front license plate, no county tag, and an improper rear plate. For these traffic violations Wahl stopped Brightly. Brightly was unable to produce a license. He gave Wahl a name, but was unable to spell it. Finally Brightly gave his real name and admitted his license was suspended. Wahl determined to arrest Brightly for all these violations. The stop and arrest were valid.

After the arrest it was necessary to impound the vehicle. Incident to impoundment, Wahl determined to make an inventory search of the vehicle. As soon as he opened the vehicle door to conduct the inventory search, Wahl smelled ether in the passenger compartment. On the floorboard he saw a cooler. He opened the cooler and found a mason jar of PCP.

Wahl had the right to conduct an inventory search. *Boggs v. Commonwealth*, 229 Va. 501 (1985). He opened the

door for a legitimate purpose. As soon as he opened the door he smelled ether, which his narcotics training told him was probably ether. He then had in plain view, by smell as well as sight, the cooler which he now had probable cause to search. *See United States v. Norman*, 701 F.2d 295 (4th Cir. 1983).

Of concern to the Court is Wahl's testimony that the policy of inventory search in the Fairfax County Police Department is to take an inventory of a vehicle after arrest, but only to open containers which the police find suspicious. If that is the policy of the Department, it is wrong. *Colorado v. Bertine*, 479 U.S. 367 (1987). However, the policy does not invalidate the search under the circumstances of this case. To take a legitimate inventory of the vehicle, indeed to move or secure it, the police had to open the passenger compartment door. Upon opening the door Wahl had probable cause to open the cooler.

Although not raised by the Commonwealth, the search also is justified as incident to arrest. See *New York v. Belton*, 453 U.S. 454, 69 L. Ed. 2d 768 (1981). Wahl testified that after the arrest he was concerned about the contents of the vehicle, for his own safety and for the safety of others. Under all the circumstances Wahl legitimately opened the cooler and discovered the PCP.